**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAOCHENG LIU, | No. 12-70375 |
| Petitioner, | Agency No. A095-023-342 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Yaocheng Liu, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture. We

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010), and we deny the petition for review.

Even if Liu established extraordinary circumstances to excuse the untimely filing of his asylum application, the record does not compel the finding that his subsequent delay in filing was reasonable. *See Husyev. v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008). Accordingly, Liu's asylum claim fails.

Substantial evidence supports the agency's finding that Liu did not demonstrate he suffered past persecution as a result of "other resistance" to China's family planning policy. *See* 8 U.S.C. § 1101(a)(42); *cf., Jiang*, 611 F.3d at 1094-95. Further, substantial evidence supports the agency's finding that Liu failed to demonstrate it is more likely than not he would be persecuted based on past family planning violations or his political party membership and political activities in the United States. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We reject Liu's contention that the IJ failed to consider relevant country conditions. Accordingly, Liu's withholding of removal claim fails.

Finally, Liu failed to establish it is more likely than not he will be tortured if removed to China. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

12-70375